JUDGE KAPLAN

07 CV · 7878

J. Alexander Lawrence
Eileen A. Pizzurro
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Tel: (212) 468-8000
Fax: (212) 468-7900

Attorneys for Plaintiff



AUG 1 7 2007
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------- x

KATHLEEN NEWHOOK,

                Plaintiff,

            -against-

ROOSEVELT ISLAND OPERATING
CORPORATION, ROOSEVELT ISLAND
ASSOCIATES, MANHATTAN PARK LEASING
CORPORATION, and GRENADIER REALTY
CORP.,

                Defendants.

--------------------------------------------------------------- x

Civil Action No.

**COMPLAINT**

**JURY TRIAL DEMANDED**

      Plaintiff Kathleen Newhook ("Plaintiff" or "Ms. Newhook"), by and through her undersigned counsel, Morrison & Foerster LLP, for her complaint against defendants Roosevelt Island Operating Corporation ("RIOC"), Roosevelt Island Associates ("RIA"), Manhattan Park Leasing Corporation ("MPLC") and Grenadier Realty Corp. ("GRC") (collectively "Defendants") alleges as follows:

### NATURE OF THE ACTION

      1.      This is a civil rights action seeking damages and injunctive relief for Defendants' violations of Plaintiff's rights under the federal Fair Housing Act and the regulations promulgated thereunder ("FHA"), 42 U.S.C. § 3601, *et seq.*, Section 504 of the Rehabilitation

Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794, Section 296 of the New York State Human Rights Law ("NYSHRL"), New York Executive Law § 290, *et seq.*, and the New York City Human Rights Law ("NYCHRL"), New York City Administrative Code § 8-107 *et seq.*

2.  Ms. Newhook, who is fifty-one years old and mentally disabled, applied for rental of an apartment in Northtown Phase II, a/k/a Manhattan Park (the "Property" or the "Apartment") from Defendants.

3.  Upon information and belief, the Property has five buildings, four offering a total of 885 market-rate rental units and a fifth offering 222 units subsidized through the federal site-based Section 8 program, for a total of 1107 units. All five buildings have addresses on River Road, the street that loops the park between River Road and Main Street, including buildings at 2/4, 10, 20, 30 and 40 River Road. The Property is governed by contract number NY368023029 under Section 8 of the United States Housing Act.

4.  Upon information and belief, the rental offices for all of the buildings are located at 30 River Road.

5.  Upon information and belief, the building at 2/4 River Road is the building containing the federally-subsidized Section 8 units and has an alternate address of 661 Main Street.

6.  When she applied for an Apartment, Ms. Newhook received a form letter from GRC stating that "[s]ingle individuals are eligible only if they are handicapped, disabled or 62 years of age or older" (emphasis added), but that "families" must only meet the guidelines set by United States Department of Housing and Urban Development ("HUD") for "VERY LOW INCOME" households (emphasis in original).

7.  Defendants rejected Ms. Newhook's application for rental housing. On May 9, 2006, she received a letter stating that she does not meet the eligibility "requirements for a 'family' or 'single person' as defined by the program." When Ms. Newhook asked why her application had been rejected, she was expressly told by an agent or employee of Defendants that she was rejected because she was not physically disabled. Ms. Newhook told the individual that Ms. Newhook was mentally disabled. The individual, however, expressly told Ms. Newhook that she had to be physically disabled to be eligible for an apartment.

8.  When questioned further, an agent or employee of Defendants gave conflicting explanations for rejecting Ms. Newhook's application. Nevertheless, the results of the fair housing testing conducted by an independent, not-for-profit housing organization contradicted the agents or employees of Defendants' purported explanations.

9.  An agent or employee of Defendants also made an illegal inquiry concerning Ms. Newhook's mental disabilities by asking her to prove her disability with a doctor's note.

10. Defendants' discriminatory behavior has caused harm to Ms. Newhook, and has unquestionably violated her federal and state statutory rights as well as those granted under the city administrative code. This action seeks redress for those violations and the harm Defendants have caused.

## JURISDICTION AND VENUE

11. This Court has jurisdiction under 28 U.S.C. § 1331, in that Ms. Newhook's claims are asserted under the laws of the United States.

12. The Court has jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. § 1367 in that the claims arise out of a common nucleus of operative facts.

13. Venue is proper under 28 U.S.C. § 1391(b) because the Property that is the subject of this action is situated in this Judicial District and a substantial part of the events giving rise to Ms. Newhook's claims occurred in this Judicial District.

## PARTIES

14. Plaintiff Kathleen Newhook is a fifty-one year old woman with mental disabilities residing in New York, New York. Ms. Newhook's mental disabilities substantially limit her ability to perform major life activities. Because of her disabilities, Ms. Newhook is entitled to and receives Supplemental Security Income ("SSI").

15. On information and belief, GRC is a recipient of federal funds administered by HUD and is the rental management company for the Property. GRC is a New York corporation with an address at 1230 Pennsylvania Avenue, Brooklyn, New York 11239. GRC is an agent of the other Defendants, and Defendants authorized GRC to act on their behalf with respect to the rental and advertising of dwellings.

16. On information and belief, Defendant RIOC is the owner of the Property and leases the Property on a long-term basis. In 1984, the New York State Legislature created RIOC to manage, develop and operate Roosevelt Island. RIOC is a New York corporation with an address at 591 Main Street, New York, New York 10044.

17. On information and belief, RIA is the lessee of the Property and is listed on the New York City Housing Preservation and Development Building Registration Summary Report as the "owner" of the Property. RIA is a New York general partnership with an address at 70 East 55th Street, 7th Floor, New York, New York 10022.

18. On information and belief, MPLC is the sublessee of the Property. MPLC is a New York corporation with an address at 800 East Northeast Highway, Suite 203, Mount Prospect, Illinois 60056.

## BACKGROUND

A. **Ms. Newhook Applies for the Apartment**

19. Ms. Newhook lives in a studio apartment in New York, New York.

20. In February 2006, Ms. Newhook saw a sign at 10 River Road for Apartments in Roosevelt Island.

21. When Ms. Newhook went into the building at 10 River Road to inquire about the advertisement, she was directed to the rental office at 30 River Road. Once there, she requested a rental application and asked whether SSI or Welfare were accepted. A female agent or employee of Defendants said yes. The employee told Ms. Newhook to complete and submit a small, two-sided Preliminary Application Card, which requested from prospective tenants basic information, including name, household composition, household income and assets, and specifically asked whether applicants are 62 years or over, but did not seek applicants' Social Security number or date of birth. Along with the Preliminary Application Card, Ms. Newhook was given a form letter from GRC which expressly stated that "[s]ingle individuals are eligible only if they are handicapped, disabled or 62 years of age or older," whereas "families" need only meet "VERY LOW INCOME guidelines se[t] by HUD" (emphasis in original).

22. On May 9, 2006, Ms. Newhook received a form letter dated April 25, 2006, rejecting her application. The letter states that Ms. Newhook does not "meet the eligibility requirements for an apartment" solely because she does not "meet the requirements for a 'family' or 'single person' as defined by the program." Although the letter includes an option for Defendants to indicate that an applicant was rejected because of "[p]oor rent history and or credit history," the letter sent to Ms. Newhook specifically did not check that box.

23. The next day, May 10, 2006, Ms. Newhook returned to the rental office to ask why her application was rejected. A female agent or employee of Defendants expressly told her

5

that she was rejected because she was not physically disabled. At that point, Ms. Newhook told the individual that she was mentally disabled. The female agent or employee of Defendants told her that she had to be physically disabled.

24.     Ms. Newhook reported the discriminatory treatment she received to the Fair Housing Justice Center ("FHJC"), which arranged for Ms. Newhook to return to the management office to inquire about why her application was rejected as well as arranging for two fair housing "testers" to inquire about renting an Apartment.

25.     On March 8, 2007, Ms. Newhook returned to the rental office at 30 River Road and asked a female agent or employee of Defendants why her application was rejected. The individual told Ms. Newhook that she was rejected because of her credit report. Ms. Newhook told the individual that she did not owe any money and that she had previously been told she had to be physically disabled to be eligible for an Apartment, even though she was mentally disabled. The individual also said that Ms. Newhook needed to prove that she was mentally disabled by providing a note from her doctor. Notably, because Defendants' Preliminary Application Card did not request applicants' Social Security Number or birth date, Defendants could not possibly have checked Ms. Newhook's credit, and thus Defendants' statement that Ms. Newhook was rejected because of her credit report was clearly pretextual.

B.      **Testers Inquire About the Apartment**

26.     Based on her belief that Defendants had discriminated against her and feeling upset and disturbed by Defendants' conduct, Ms. Newhook contacted the FHJC, a program of HELP USA. As part of its activities, the FHJC challenges discrimination that restricts access to housing, including by arranging for fair housing "testers," who are individuals who pose as renters for the purpose of testing the conduct of landlords, agents and others to determine

6

whether discrimination is taking place. In response to Ms. Newhook's complaint, the FHJC conducted a testing investigation of the Defendants' housing practices.

27. On or about March 21, 2007, a female tester visited the rental office at 30 River Road and inquired about the availability of affordable housing. The tester told a female agent or employee of Defendants that she was looking for affordable housing. The individual handed the tester Defendants' Preliminary Application Card, and the form letter from GRC stating that "[s]ingle individuals are eligible only if they are handicapped, disabled or 62 years of age or older." On March 22, 2007, the tester received a letter dated March 21, 2007, which stated that she qualified for the program and would be placed on a waiting list and contacted when an Apartment became available.

28. On March 30, 2007, the tester returned to the rental office to ask questions regarding her application. The tester met with an employee or agent of Defendants, who expressly told the tester that the elderly and handicapped get priority over other applicants and that she could only get an Apartment once all of the elderly or handicapped applicants had been placed in Apartments.

29. On March 21, 2007, a second female tester visited the rental office and inquired about the availability of affordable housing at Northtown Phase II. The tester asked an employee or agent of Defendants if any units were available. The individual shook her head no and said there was a long waiting list. The tester asked the individual what she suggested. The individual handed the tester a Preliminary Application Card, as well as the form letter from GRC, which expressly stated that "[s]ingle individuals are eligible only if they are handicapped, disabled or 62 years of age or older."

30. On March 22, 2007, the second tester returned to the rental office to fill out a Preliminary Application Card and to ask questions, including whether senior citizens received priority for the affordable units at Northtown Phase II. An agent or employee of Defendants told the tester that seniors are not given priority for the wait list, but stated that 2 River Road is a senior building.

C. **Defendants' Policies Illegally Restrict their Units and Deprive Eligible Applicants of Affordable Housing**

31. As stated above, Defendants or their agents provide applicants with a form that states, "[s]ingle individuals are eligible only if they are handicapped, disabled or 62 years of age or older."

32. Upon information and belief, Defendants or their principals or agents are recipients of Section 8 federal funding administered by HUD.

33. On the RIOC website, RIOC states that 94 Apartments in the Manhattan Park complex "are reserved for the elderly and physically challenged." See http://www.rioc.com/housing.htm (last visited August 16, 2007). Therefore, RIOC has adopted and approves of GRC's policy to restrict the Apartments to the elderly or physically disabled.

34. Upon information and belief, the Apartments are federally subsidized with site-based Section 8 funds and are neither required nor permitted to exclude applicants based on disability or age. The Apartments must be made available to all individuals who meet HUD's income requirements.

35. Ms. Newhook has a monthly income of $710, and therefore meets the HUD income requirements.

36.     Defendants' restrictions of the Apartments based on disability and age illegally discriminated against Ms. Newhook, and prevent many other qualified individuals from finding affordable housing.

## **FIRST CAUSE OF ACTION**

### **Violation of the FHA**

37.     Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 36, as set forth herein.

38.     Ms. Newhook is a person with a "handicap" as defined by the FHA, 42 U.S.C. § 3602(h).

39.     Defendants' conduct, including, without limitation, their refusal to allow Ms. Newhook to apply for or rent the Apartment, constitutes discrimination in the rental, or to otherwise make housing unavailable, or a denial of housing on the basis of a handicap in violation of the FHA, 42 U.S.C. § 3604(f)(1).

40.     Defendants' conduct, including, without limitation, their refusal to allow Ms. Newhook to apply for or rent the Apartment, constitutes discrimination in the terms, conditions or privileges of rental of a dwelling, or in the provision of services or facilities in connection with such dwelling because of a handicap in violation of the FHA, 42 U.S.C. § 3604(f)(2).

41.     Defendants' conduct, including, without limitation, their dismissive and discouraging statements to Ms. Newhook, and their misrepresentations to Ms. Newhook regarding the eligibility requirements, as well as their publishing a statement with respect to those requirements, constitutes making statements with respect to the rental of a dwelling that indicate a preference, limitation or discrimination based on handicap, and an intention to make such preference, limitation or discrimination in violation of the FHA, 42 U.S.C. § 3604(c).

42. Defendants' conduct, including, without limitation, their request that Ms. Newhook prove her mental disability by providing them with a doctor's note, constitutes an illegal inquiry regarding the nature and severity of Ms. Newhook's handicap in violation of the FHA and the regulations promulgated thereunder, 24 C.F.R. § 100.202(c).

43. Defendants' conduct, including, without limitation, limiting the units of subsidized housing to one of the five buildings, constitutes assigning a person to a particular section of a development because of a handicap, in violation of the FHA and the regulations promulgated thereunder, 24 C.F.R. § 100.70(c)(4).

44. Ms. Newhook is an aggrieved person as defined under the FHA, 42 U.S.C. § 3602(i), has been injured by the Defendants' discriminatory conduct, and has suffered damages as a result.

45. Defendants' conduct was intentional, willful and made in disregard for the rights of others.

46. Accordingly, under the FHA, 42 U.S.C. § 3613(c), Plaintiff is entitled to actual damages, punitive damages, injunctive relief and reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### Violation of the Rehabilitation Act

47. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 46, as set forth herein.

48. Ms. Newhook's mental disabilities substantially limit her ability to perform major life activities and are protected disabilities under the Rehabilitation Act, 29 U.S.C. § 705(9)(B).

49. Ms. Newhook is otherwise qualified to receive housing benefits from HUD.

50. On information and belief, Defendants or their principals or agents are recipients of federal financial assistance and therefore governed by the Rehabilitation Act.

51. Defendants or their principals or agents receive federal financial assistance and all of their operations are therefore a "program or activity" within the meaning of the Rehabilitation Act, 29 U.S.C. § 794(b)(3)(A)(ii).

52. Defendants denied Ms. Newhook participation in a program or activity receiving federal financial assistance solely because of her disability.

53. In refusing to allow Ms. Newhook to apply for an Apartment, Defendants' conduct violates the Rehabilitation Act's prohibition on discrimination against persons with disabilities in the provision of public benefits or services.

54. Defendants' conduct was intentional, willful and made in disregard for the rights of others.

55. Accordingly, under the Rehabilitation Act, 29 U.S.C. §§ 794a(a)(2) and 794a(b), Plaintiff is entitled to actual damages, punitive damages, injunctive relief, and reasonable attorneys' fees and costs.

## THIRD CAUSE OF ACTION
### Violation of the NYSHRL

56. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 55, as set forth herein.

57. Ms. Newhook's mental disabilities substantially limit her ability to perform major life activities and are protected disabilities under NYSHRL § 292, Article 15 of the New York Executive Law § 292(21).

58. Defendants' conduct as set forth above constitutes a refusal to rent, or lease, a denial of housing accommodation, or the withholding of a housing accommodation, because of disability or age in violation of Article 15 of the New York Executive Law § 296(5)(a)(1).

59. Defendants' conduct as set forth above constitutes discrimination because of disability or age in the terms, conditions or privileges of the rental of housing accommodation or in the furnishing of facilities or services in connection therewith in violation of Article 15 of the New York Executive Law § 296(5)(a)(2).

60. Defendants' conduct as set forth above constitutes printing or circulating or causing to be printed and circulated a statement regarding the rental of a housing accommodation which expresses, directly or indirectly, any limitation, specification, or discrimination as to disability or age in violation of Article 15 of the New York Executive Law § 296(5)(a)(3).

61. Defendants' conduct as set forth above constitutes a refusal to rent, or lease, a denial of publicly assisted housing accommodations, or the withholding of such housing accommodations, because of disability or age in violation of Article 15 of the New York Executive Law § 296(2a)(a).

62. Defendants' conduct as set forth above constitutes discrimination because of disability or age in the terms, conditions or privileges of the rental of publicly assisted housing accommodation or in the furnishing of facilities or services in connection therewith in violation of Article 15 of the New York Executive Law § 296(2a)(b).

63. Defendants' conduct as set forth above constitutes an illegal inquiry concerning the disability or age of a person seeking to rent or lease any publicly assisted housing accommodation in violation of Article 15 of the New York Executive Law § 296(2a)(c).

64. Defendants' conduct as set forth above constitutes printing or circulating or causing to be printed and circulated a statement regarding the rental of a publicly assisted housing accommodation which expresses, directly or indirectly, any limitation, specification, or

discrimination as to disability or age in violation of Article 15 of the New York Executive Law § 296(2a)(c1).

65. Ms. Newhook has been injured by Defendants' discriminatory conduct and has suffered damages as a result.

66. Defendants' conduct was intentional, willful, and made in disregard for the rights of others.

67. Accordingly, under Article 15 of the New York Executive Law §§ 297(9) and 297(10), Plaintiff is entitled to actual damages, punitive damages, injunctive relief, and reasonable attorneys' fees and costs.

## FOURTH CAUSE OF ACTION
### Violation of the NYCHRL

68. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 67, as set forth herein.

69. Ms. Newhook's mental disabilities substantially limit her ability to perform major life activities and are protected disabilities under NYCHRL § 8-102, New York City Administrative Code § 8-102(16).

70. Defendants' conduct as set forth above constitutes a refusal to rent, lease, approve the rental or lease, or otherwise to deny or withhold a housing accommodation or an interest therein because of the Plaintiff's disability or age in violation of New York City Administrative Code § 8-107(5)(a)(1).

71. Defendants' conduct as set forth above constitutes discrimination because of disability or age in the terms, conditions or privileges of the rental of housing accommodation or an interest therein or in the furnishing of facilities or services in connection therewith in violation of New York City Administrative Code § 8-107(5)(a)(2).

72.  Defendants' conduct as set forth above constitutes declaring, printing, circulating or causing to be declared, printed or circulated a statement regarding the rental of a housing accommodation which expresses, directly or indirectly, any limitation, specification, or discrimination as to disability or age in violation of New York City Administrative Code § 8-107(5)(a)(3).

73.  Ms. Newhook has been injured by Defendants' discriminatory conduct and has suffered damages as a result.

74.  Defendants' conduct was intentional, willful, and made in disregard for the rights of others.

75.  Accordingly, under New York City Administrative Code §§ 8-502(a) and 8-502(f), Plaintiff is entitled to actual damages, punitive damages, injunctive relief, and such other remedies as may be appropriate, and reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

A.  Declaring that by refusing Plaintiff's application, Defendants have engaged in discriminatory behavior and deprived Ms. Newhook of her equal opportunity to enjoy HUD-provided services in violation of the FHA, 42 U.S.C. 3601 *et seq.*, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, NYSHRL, N.Y. Exec. Law § 290, *et seq.*, and NYCHRL, N.Y.C. Admin. Code § 8-107 *et seq.*;

B.  Enjoining Defendants, Defendants' agents, principals, employees and successors, and all other persons in active concert or participation from discriminating on the basis of mental disability and/or age in all respects,

including, but not limited to, (i) denying housing or making housing unavailable on the basis of disability and/or age, (ii) making, printing or publishing any statement with respect to the rental of a dwelling that indicates any preference, limitation or discrimination on the basis of disability and/or age, (iii) making any inquiry into the nature and/or severity of an applicant's disability, (iv) discriminating in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, and (v) failing or refusing to take affirmative steps necessary to restore, as nearly as practicable, the victims of Defendants' unlawful practices to the position they would be in but for the discriminatory conduct;

C. Awarding Plaintiff compensatory and punitive damages, including interest thereon, in an amount to be determined at trial;

D. Awarding Plaintiff her attorneys' fees, costs and disbursements pursuant to 42 U.S.C. § 3613(c)(2), 29 U.S.C. § 794a(b), N.Y.C.L.S. Exec. § 297(10), N.Y.C. Admin. Code § 8-502(f); and

E. Granting Plaintiff such other and further relief the Court may deem just and proper.

Dated: New York, New York  MORRISON & FOERSTER LLP
      August 17, 2007

By: _____

J. Alexander Lawrence
Eileen A. Pizzurro

*Attorneys for Plaintiff*
1290 Avenue of the Americas
New York, New York 10104
Tel: (212) 468-8000
Fax: (212) 468-7900

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all claims herein.

Dated: New York, New York
      August 17, 2007

MORRISON & FOERSTER LLP

By: _____

J. Alexander Lawrence
Eileen A. Pizzurro

*Attorneys for Plaintiff*
1290 Avenue of the Americas
New York, New York 10104
Tel: (212) 468-8000
Fax: (212) 468-7900

ny-762884